IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HENSLEY,  Plaintiff | : : |
| v. | : Case No. 3:22-cv-150-SPB-KAP |
| UNIT MANAGER JONATHAN McCAULLEY, *et al.*,  Defendants | : : : |

Report and Recommendation

Recommendation

The remaining defendants' motion for summary judgment at ECF no. 88 should be granted.

Report

Plaintiff Joseph Hensley, an inmate at S.C.I. Houtzdale, alleges that defendants violated his civil rights under the First Amendment by soliciting another inmate to assault him. As construed in cases in this circuit for a quarter of a century, the First Amendment prohibits retaliation against an inmate for engaging in protected conduct. As Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001), and Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003) define retaliation, a claim requires proof of three elements: (1) that the inmate plaintiff took some action itself protected by the constitution; (2) that the defendant took adverse action against the plaintiff sufficient to deter a person of ordinary firmness from persisting in that conduct; and (3) that there was a causal connection between the plaintiff's protected conduct and the adverse action. If an inmate establishes a *prima facie* case, the burden shifts to the prison official defendants to show that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d at 334.

Plaintiff Hensley is familiar to the court from several prison conditions complaints he has filed over the years, in this district at Hensley v. Collins, 1:17-cv-86-SPB-RAL (W.D.Pa. November 12, 2020)(dismissed on summary judgment); Hensley v. Trempus, 2:18-cv-355-SPB-RAL (W.D.Pa. June 7, 2019)(dismissed after screening as frivolous); Hensley v. McCaulley, 3:21-cv-184-SPB-RAL (W.D.Pa. February 22, 2023 and March 28, 2023)(dismissed for failure to state a claim after leave given to file an amended complaint); Hensley v. McCaulley, 3:22-cv-171-RAL (W.D.Pa. March 1, 2023)(administratively closed for failure to file a motion to proceed in forma pauperis); Hensley v. SCI Houtzdale RHU Staff, 3:24-cv-10-SPB-KAP (W.D.Pa. December 30,

1

2024)(dismissed for failure to prosecute); Hensley v. Swanson, 3:24-cv-124-SPB-KAP (W.D.Pa. January 3, 2025)(dismissed after screening for failure to state a claim).

In the Middle District, plaintiff Hensley is currently litigating Hensley v. Pennsylvania Department of Corrections, 1:23-cv-1327-JFS-SA (M.D.Pa.). *See also* Hensley v. Wahl, 1:22-cv-485-SHR-SH (M.D.Pa. May 5, 2022) (dismissed for failure to prosecute).

The Court is no doubt aware from its own experience with Hensley that many if not all of Hensley's complaints present at least in part the common features of a failure to provide sufficient facts to state a claim and a failure to exhaust administrative remedies prior to filing suit. Hensley's litigation style features unsupported claims (sometimes, as in Hensley v. Collins, offered only after a failure to exhaust has been pointed out, other times offered for purposes other than to excuse exhaustion) that corrections officers tamper with his mail and thwart his use of the grievance procedure. Hensley also takes a more than casual approach to following up his claims with proof, and almost completely disregards Fed.R.Civ.P. 56. Hensley's most recent motion for summary judgment in this case, ECF no. 87, was three sentences long, and his presentation of the evidence was in full: "All evidence proves this case." *See also* ECF no. 77, ECF no. 61.

After prior proceedings in this case, the operative complaint in this matter is at ECF no. 44. As of the last ruling by the Court in August 2024, ECF no. 65, there is one remaining claim in this matter: that the remaining defendants – Unit Manager McCaulley, Activities Specialist Bainey, and Sergeant Vicklund, all employed at S.C.I. Houtzdale - directed an inmate named Weaver who was at S.C.I. Huntingdon to assault Hensley at S.C.I. Huntingdon on July 19, 2023, in retaliation for Hensley's filing of the complaint in Hensley v. McCaulley, 3:21-cv-184-SPB-RAL (W.D.Pa.) in 2021. As can be seen from the nature of Hensley's claim the key element is causation: there is no dispute that Hensley's engaging in litigation is protected, and that an assault by another inmate constitutes adverse action.

On the merits, counsel for moving defendants does a good job of marshalling the evidence to show causation is lacking, and it is inappropriate for me to do the job Hensley is supposed to do by foraging through the record to see if Hensley might have a case notwithstanding his inability to show it. Scott v. Vantage Corporation, 845 Fed.Appx. 170, 179 (3d Cir. 2021), *citing* Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001)(in turn quoting Forsberg v. Pacific N.W. Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 1988)) and Herman v. City of Chicago, 870 F.2d 400, 404 (7th Cir. 1989).

It is worth quoting the Ninth Circuit case cited in Scott:

[R]equiring the district court to search the entire record, even though the

adverse party's response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair. The cases often refer to the unfairness to the district court, which is substantial, but hardly the full story. If a district court must examine reams or file cabinets full of paper looking for genuine issues of fact, as though the judge were the adverse party's lawyer, an enormous amount of time is taken away from other litigants. Other litigants could have that judicial time, and get their cases resolved better and faster, if the district court could limit examination to the materials submitted in opposition to the summary judgment motion.

Requiring the district court to search the entire record for a genuine issue of fact, even though the adverse party does not set it out in the opposition papers, is also profoundly unfair to the movant. The gist of a summary judgment motion is to require the adverse party to show that it has a claim or defense, and has evidence sufficient to allow a jury to find in its favor on that claim or defense. The opposition sets it out, and then the movant has a fair chance in its reply papers to show why the respondent's evidence fails to establish a genuine issue of material fact. If the district court, or later this court, searches the whole record, in practical effect, the court becomes the lawyer for the respondent[.]

*Id.*, 237 F.3d at 1031.

Judge Lanzillo pointed out at an earlier stage of this proceeding how tenuous Hensley's claim of causation was, *see* ECF no. 58 at 5-6, ECF no. 42 at 6, and at the summary judgment stage that claim evaporates completely. The only evidence linking the assault by Weaver to the moving defendants in this case is the claim by Hensley that Weaver told him that the assault was being committed on behalf of the moving defendants. That allegation was flatly denied by Weaver when his deposition was taken. As defendants point out, ECF no. 89 at 12, the rule against hearsay prevents Hensley from presenting what he claims to be Weaver's alleged statement as substantive evidence. Therefore, there is no competent evidence on which a jury could base a finding of the causation element of a retaliation claim.

It worth noting that Hensley does not even contend there is any other evidence to prove the causation element. It is settled law, and there is no special exception for *pro se* litigants, *see* Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that with two exceptions not relevant here *pro se* litigants "must abide by the same rules that apply to all other litigants"), that an issue is waived unless a party raises it in its opening brief. Further, even a passing reference to an issue does not suffice to bring that issue before the court. *See e.g.* Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994); Brown v. Wayne County, No. 22-1506, 2023 WL 3376547, at *1 (3d Cir. May 11, 2023), *cert. dismissed sub nom.* Brown v Pennsylvania, No. 23-5092, 2023 WL 6379041 (U.S. Oct. 2, 2023). Hensley's failure in his own motion for summary judgment or anywhere else to present a genuine issue of fact

3

justifies the entry of judgment against him.

The remaining defendants also move for summary judgment because Hensley failed to exhaust administrative remedies. Although it is overkill, that is another reason to end this case.

The Pennsylvania Department of Corrections' administrative remedy process is set forth in DC-ADM 804; 37 Pa.Code§ 93.9. It creates a three-step grievance and appeal process that begins with an Inmate Grievance filed at the prison on the appropriate DOC form. The grievance is received by the prison's Grievance Coordinator and assigned a number. The institutional grievance coordinator, who may investigate the matter by referring it to an appropriate subordinate, provides an Initial Review Response. A dissatisfied inmate can appeal to the superintendent or other Facility Manager. The third and final level or appeal by a dissatisfied inmate is to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). The Chief Grievance Officer, after review of the inmate's appeal can affirm, reverse, or remand the Facility Manager's decision, and can also dismiss an appeal as untimely or for other procedural default.

The Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a mandatory precondition to suit. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion requirement implies "proper" exhaustion, Woodford v. Ngo, 548 U.S. 81, 91 (2006), together with the corollary proposition that lack of proper exhaustion constitutes procedural default. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); *see also* Jones v. Bock, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.")

The filing of a procedurally defective administrative grievance or appeal, where it causes the dismissal of the grievance or appeal, does not satisfy the PLRA's exhaustion requirement. *See* Wright v. Sauers, 729 Fed.Appx. 225, 227 (3d Cir.2018). Substantial compliance with or good faith use of the grievance process is not enough. *See* Mack v. Klopotoski, 540 Fed. Appx. 108, 112 (3d Cir.2013) (use of handwritten copies instead of photocopies); Harris v. Armstrong, 149 Fed.Appx. 58, 59 (3d Cir.2005) (issue raised in third party correspondence but not grievance).

There are circumstances that make an administrative remedy "unavailable," *see* Ross v. Blake, 578 U.S. 632, 643-44 (2016), but as the Supreme Court established in Ross v. Blake and the Court of Appeals had previously established in this circuit, they are limited to those cases where the inmate is prevented by obstruction or intimidation from

4

filing a grievance (what can be called extrinsic unavailability) or cases where the administrative remedy program is either opaque or a meaningless dead end (what can be called intrinsic unavailability). Counsel for defendants again does a good job of marshalling the evidence that Hensley did not exhaust and that Hensley's ability to use the administrative remedy system was not interfered with, but the matter is really much simpler than that, and the Court need not look beyond the docket sheet to find that. It is metaphysically impossible for Hensley to have exhausted his remedies before filing suit or for his remedies to have been obstructed because Hensley filed his complaint in September 2022, and the claim is about an incident that took place in July 2023. A litigant with a duty to exhaust cannot (whether to save filing fees or for any other reason) file a complaint as a placeholder and piggyback claims onto that complaint as they accrue or as they are exhausted. The statutory command that "[n]o action shall be brought … until such administrative remedies as are available are exhausted" means that Hensley's claim, if it were viable, would have to be dismissed without prejudice to be brought in a complaint filed after exhaustion.

More overkill, perhaps, but I think it is important with a frequent filer to point out that the Court should *sua sponte* dismiss this matter for a third, completely different reason. The story Hensley tells this court in his amended complaint at ECF no. 44 overlaps and presents the same story with different details as the amended complaint he is currently pursuing in the Middle District. Hensley's amended complaint in that court, ECF no. 24 in Hensley v. Pennsylvania Department of Corrections, 1:23-cv-1327-JFS-SA (M.D.Pa.), alleged that three of the four named defendants there -Wendle/Wendel, Conway, Cousins - were liable to Hensley because they did not prevent an assault by a fellow inmate named Weaver in July and August 2023. (Judge Saporito pointed out that Hensley was vague about the exact date of the assault but examination of the pleading leaves no doubt that the assault by Weaver is the same one alleged in this action.) Judge Saporito dismissed that portion of Hensley's complaint for failure to state a claim on November 1, 2024. *See* ECF no. 25 in Hensley v. Pennsylvania Department of Corrections, 1:23-cv-1327-JFS-SA (M.D.Pa.). That has claim preclusive effect.

The doctrine of claim preclusion operates to prevent a party from relitigating not only those matters actually litigated but also those which might have been litigated in the first proceeding. Hickox v. Blair County, 591 Fed.Appx. 107, 110 (3d Cir. 2014). Hensley's decision to bring a second claim about his assault at S.C.I. Huntingdon means that he is not only bound by Judge Saporito's dismissal of it in Hensley v. Pennsylvania Department of Corrections, 1:23-cv-1327-JFS-SA (M.D.Pa.), but also by the preclusive effect of that dismissal on any other claim he might have brought in the Middle District or on the one he actually brought in this district.

In part the claim preclusion aspect of *res judicata* functions as a rule against claim

splitting. Simply put, Hensley cannot offer as the cause of Weaver's assault an alleged retaliatory animus by defendants in this district, and an alleged indifference to overcrowding by defendants in the Middle District, without bearing the consequence that the first court to reach the merits might put him out of the other court too. Because the complaint in Hensley v. Pennsylvania Department of Corrections, 1:23-cv-1327-JFS-SA (M.D.Pa.) still survives in part in the Middle District, there is no final judgment in the case. However, if judgment on the merits were not already required by the lack of evidence of causation, at the least this Court would have to dismiss the complaint in this district without prejudice pending final judgment in the Middle District.

      Pursuant to 28 U.S.C.§ 636(b)(1), the parties can within fourteen days file written objections to my recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted.  See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: January 21, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Joseph Hensley MS-7788
S.C.I. Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000